## Widener Estate

*H. Ober Hess, Samuel L. Sagendorph, William P. Manning, Jr.* and *H. Peter Somers*, for petitioners.

*William F. Fox,* guardian and trustee ad litem.

TAXIS, P.J., September 24, 1970.—The first petition filed in these proceedings is by Provident National Bank, successor trustee of the residuary trust created by Item Fifth of the will of Joseph E. Widener, who died October 26, 1943. Insofar as pertinent here, that item gave the income of the trust equally to decedent's two children, P. A. B. Widener and Josephine Widener Wichfeld (later Bigelow), and their issue per stirpes, for a term which still continues. Both of the said children are deceased. P. A. B. Widener left two children, Ella Widener Wetherill and Peter A. B. Widener, 3rd, and Josephine Widener Bigelow left one child, Joan L. Ray, all three of whom survive. The trustee seeks permission to divide the trust into three separate trusts under section 991 of the Fiduciaries Act, one for each of the current beneficiaries. The reasons advanced are that the present and anticipated financial circumstances of the various beneficiaries require separate investment policies, and

that, in the future, certain accounting economies can be realized.

The second petition is by Joan L. Ray, income beneficiary of one-half of the trust. She requests the appointment of her husband, James C. Ray, as individual cotrustee of the separate trust to be established for her, if such action is authorized. This petition sets forth, in summary, that Joan L. Ray and James C. Ray were married in 1950, that Mr. Ray is familiar with the family finances, is experienced in the field of investment, and assumes responsibility for the management of the assets owned by him and by petitioner, maintaining an office solely for this purpose; that Mr. Ray's appointment would be in the best interest of the estate for the above reasons, that he has waived all commissions and that the corporate trustee consents. Mr. and Mrs. Ray reside in Bozeman, Montana.

William F. Fox, Esq., was appointed guardian and trustee ad litem with power to represent minor and unascertained interests in both proceedings. He consents to the division of the trust, and we agree that the reasons advanced are sufficient to warrant such action. The applicable statute requires the consent of all parties in interest, and these have been submitted. An appropriate order follows this opinion, and also includes approval of trustee's request to receive periodic compensation at the rate of one-fourth of one percent of the principal, revalued annually, such compensation to be divided equally between income and principal. Although the guardian and trustee ad litem urges that principal should bear only one-fourth of the total commissions, we will approve the proposal of the trustee, as no principal commissions have ever been charged this trust during its administration by the original trustees.

A more difficult problem exists concerning the appointment of James C. Ray as cotrustee. The guardian and trustee ad litem objects to this, although all other parties in interest appear to consent. Decedent appointed his executors and trustees in Item Ninth of his will:

"NINTH: I appoint as my Executors and as the Trustees of my residuary estate my son, P. A. B. Widener; my nephew, George D. Widener; and my counsel, Schofield Andrews. If and when the number of Executors or Trustees shall be reduced to one by death, resignation or otherwise, the Land Title Bank and Trust Company, Philadelphia, Pa., shall become a co-executor and co-trustee . . ."

P. A. B. Widener died in 1948, and George D. Widener and Schofield Andrews resigned on June 8, 1970. Provident National Bank, successor to Land Title, thereby became trustee. In a memorandum submitted on behalf of petitioner, it is contended that decedent by the above language showed that he contemplated that the corporate trustee should at all times serve jointly with an individual trustee. It is further argued that decedent, in Item Ninth, later referred to his ". . . Executors, . . . Trustees, . . . (and) their successors, . . ." thus further indicating that he contemplated two, or more, trustees at all times. We do not agree with this contention. Testator must have known that at some future time the three individuals he appointed would no longer be able to serve, but about this he said nothing. It was certainly reasonable for him to refer to the corporate trustee as a "co-executor and co-trustee," because that is what it would have been had the last two individual trustees not left office at the same time; it is more reasonable to infer from testator's language that he had great faith in the three individuals named but brought in a

corporate trustee eventually as it would have permanent existence, and that he appointed it when he did to give his last individual trustee an opportunity to acquaint it with the affairs of the trust. We agree with petitioner that section 108 of the Restatement of Trusts 2d, Comment (b), is correct when it states that one of several trustees should be replaced at death or resignation if the settlor manifests an intention that the number of trustees should not be diminished; but we do not think that tesator did manifest such an intention here.

In his helpful report, the guardian and trustee ad litem agrees that the court has the power to appoint an individual cotrustee under the present circumstances: sec. 901, Fiduciaries Act of April 18, 1949, P.L. 512, sec. 301 of the Orphans' Court Act of August 10, 1951, P.L. 1163. See also Ranck Estate, 381 Pa. 332. He argues, however, that the courts do not normally appoint a beneficiary or relative of a beneficiary as a cotrustee (Restatement, supra, sec. 108, Comment (d)), but this, in and of itself, is not a vital factor to us. We find no Pennsylvania case where a proposed trustee was rejected for this reason, and several in which a relative was, in fact, appointed. On the other hand, we do not agree with petitioner that because this testator had great confidence in three individual trustees, that he, therefore, had great confidence in individual trustees generally. It seems clear to us that testator definitely contemplated a period in which a corporate trustee would administer the trust by itself.

Petitioner urges that Mr. Ray is well qualified in business experience to assist the corporate trustee, that his appointment would help in maintaining communication and agreement between the beneficiaries and the trustees in the management of the trust, and

that it was he who suggested that growth rather than income investments be emphasized in this trust. Accepting these allegations as correct, as we do, it appears that the division of the trust will now allow the solution of the investment problems which previously existed. Apparently, the corporate trustee has listened to Mr. Ray in the past with attention, and we believe it would listen to him with attention again whether or not he is a trustee.

We shall refuse the petition to appoint James C. Ray cotrustee. In so doing, we reflect not at all upon his ability to serve. However, the trust is being administered, and will be henceforth, by a well regarded and expertly staffed corporate trustee whose predecessor was selected by testator. We find in this very proceeding that it is moving in the best interests of each and all of the beneficiaries, by proceeding to divide the trust into one for each of them. We see little merit and much potential disadvantage in diluting the administration of the trusts by the appointment of a cotrustee who resides in Montana, and, because there would be two trustees, whose joinder in every administrative and discretionary act would be mandatory.

## ORDER

And now, September 24, 1970, upon consideration of the petitions of Provident National Bank and of Joan L. Ray, and the report of the guardian and trustee ad litem, it is ordered and decreed:

1. The trust under the will of Joseph E. Widener shall be divided into three separate trusts, one trust composed of one-fourth of the principal of the present trust to be held primarily for the benefit of decedent's grandchild, Ella Widener Wetherill, and her issue, one trust composed of one-fourth of the principal of the present trust to be held primarily for the benefit of

decedent's grandchild, Peter A. B. Widener, 3rd, and his issue, and one trust composed of one-half of the principal of the present trust to be held primarily for the benefit of decedent's grandchild, Joan L. Ray, and her issue.

2. The trustee shall file a schedule of distribution reflecting the division above directed, and the division shall be effective upon the filing of the schedule with the consent of all parties in interest or their counsel endorsed.

3. Immediately following the division, the net income from each separate trust shall be paid for life exclusively to the grandchild of decedent for whom, together with his or her issue, the trust is primarily held. After the death of such grandchild, the net income from such trust shall be paid, per stirpes, exclusively to the issue of such grandchild until the time fixed for termination in Item Fifth (c) of decedent's will, at which time such trust shall terminate, and principal shall be distributed exclusively among the persons then entitled to the income thereof in the same shares in which they were entitled to income. If the grandchild and all of that grandchild's issue should die prior to the time so fixed for termination, the distribution of principal and of income until termination shall be the subject of a decree of this court entered at that time.

4. Compensation is allowed with respect to each separate trust at the annual rate of one-fourth of one percent of principal, revalued annually, chargeable one-half to income and one-half to principal, provided, however, that the total compensation chargeable to principal shall not exceed an amount allowable therefrom by law, and shall be subject to further order of this court.

5. William F. Fox, Esq., is awarded the sum of

$1,500 for his services as guardian and trustee ad litem, payable from principal.

6. The petition of Joan L. Ray for the appointment of James C. Ray as individual cotrustee of the trust hereinabove created for the benefit of Joan L. Ray is dismissed and the prayer thereof is refused.